[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff initiated this action claiming damages arising out of a hit and run motor vehicle accident. The plaintiff claims the defendant was the owner of the motor vehicle that struck her vehicle. In her affidavit in opposition to summary judgment, the plaintiff claims her vehicle was struck by a red and white blazer, with the Connecticut license plate number 315-GON, that left the scene after the collision.
In support of summary judgment, the defendant submitted the CT Page 747 affidavit of the police officer that investigated the plaintiff's accident. In the affidavit, the officer swears that he observed the defendant's red and white blazer after the accident, and that the Blazer did not exhibit any signs of impact. In addition, the officer states that he observed a plow attachment, which was disconnected from the vehicle, and that it also did not exhibit any signs of damage. The defendant submitted his own affidavit, wherein he states that he was not operating the vehicle at the time or at the place of the plaintiff's accident, and that he was not involved in the accident.
The defendant argues that the evidence indicates that there exists no genuine issue of material fact that his vehicle was not involved in the accident.
 Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp. , 229 Conn. 99, 105-06, 639 A.2d 507
(1994). The plaintiff has submitted evidence by way of her own affidavit that her vehicle was struck by a red and white Chevy Blazer, license plate 315-GON. The defendant does not dispute that he own a red and white Chevy Blazer, with the license plate 315-GON. Accordingly, a question of fact exists with respect to the identity of the vehicle that struck the plaintiff, and the motion for summary judgment is denied. CT Page 748
McDONALD, J.